# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00100-RK |
| | ) | |
| NFL DISABILITY PLAN, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pro se Plaintiff Christopher Martin filed this case alleging mishandling of his benefits accrued while working for the National Football League ("NFL") as well as his 2006 divorce proceedings. Now before the Court are three post-judgment motions filed by Plaintiff: (1) a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2), (Doc. 94); (2) "Consolidated Post-Judgment Motion for Relief Under Rule 60(b)(2) and Request for Indicative Ruling Under Rule 62.1(a)(3)," (Doc. 98); and (3) "Notice of New Evidence and Submission of Complete (11/18/2025) NFL Administrative Denial Appeal Package," (Doc. 99). After careful consideration and for the reasons stated below, Plaintiff's motions are **DENIED**.

## Discussion

Plaintiff brought a myriad of claims against many defendants. The instant motions only concern Plaintiff's claim for wrongful denial of his 2008 claim for total and permanent disability benefits under the NFL retirement plan brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff alleged the claim against the NFL Disability & Survivor Benefit Plan ("Disability Plan"); the Bert Bell/Pete Rozelle NFL Player Retirement Plan ("Retirement Plan"); Michael B. Miller; Gabriella Brown; and Tammy Parrott (collectively, the "NFL Player Plan Defendants"). Numerous motions to dismiss were filed, including by the NFL Player Plan Defendants on March 21, 2025. (Doc. 17.) On August 8, 2025, the Court dismissed all of Plaintiff's claims against all defendants.[1] (Doc. 78.) With respect to Plaintiff's claim for

---

[1] The case was originally assigned to the Honorable Howard F. Sachs. The case was reassigned by administrative transfer on December 31, 2025. (Doc. 95.)

wrongful denial of benefits by the NFL Player Plan Defendants, Plaintiff had not administratively exhausted his claim under the NFL Player Plan and the claim was time barred.[2]  (*Id.* at 8-9.)

Plaintiff filed a motion to alter or amend the judgment pursuant to Rule 59(e) which was denied on September 3, 2025.  (Doc. 88.)  Finally, on October 3, 2025, Plaintiff filed a notice of appeal from the Court's August 8 and September 3, 2025, Orders.  (Doc. 91.)  That appeal remains pending.[3]  (8th Cir. Case No. 25-2984.)

On October 20, 2025, the SSA determined that Plaintiff was disabled for purposes of the Social Security Act, with an onset date of January 5, 2005.  (Doc. 99 at 17.)  Accordingly, Plaintiff was awarded federal social security benefits.

After Plaintiff initiated his appeal, he filed the instant motions seeking relief under Rule 60(b)(2).  The Court addresses the three motions together, as each motion raises the same argument which is that the SSA's October 20, 2025, determination finding Plaintiff disabled under the Social Security Act[4] is newly discovered evidence that shows that the NFL Player Plan's denial of his 2008 claim for total and permanent disability benefits under the NFL Player Plan was erroneous because Plaintiff has been totally and permanently disabled since January 5, 2005.[5]

Rule 60(b)(2) permits courts to relieve a party from a final judgment for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]"  In order to prevail under Rule 60(b)(2), a movant must show "(1) that the evidence was discovered after the court's order, (2) that the movant exercised

---

[2] Unrelated to this ERISA claim, Plaintiff applied for Social Security Disability Insurance ("SSDI") benefits on December 5, 2022.  Plaintiff submitted an unsigned April 2025 letter addressed to the Social Security Administration ("SSA") related to this application for SSDI benefits.  The Court acknowledged Plaintiff's reliance on the letter, but found that even if the letter established that the SSA had determined Plaintiff was disabled, that determination would not entitle Plaintiff to benefits under the NFL Player Plan because the plan expressly precludes total and permanent benefits in Plaintiff's situation; moreover, SSA determinations are not binding on plan administrators under ERISA.

[3] Ordinarily, the filing of a notice of appeal divests the Court's jurisdiction of aspects of the case involved in the appeal.  *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).  The Court may, however, consider a motion pursuant to Rule 60(b) "on the merits and deny it even if an appeal is already pending" before the Court of Appeals.  *Id.*

[4] After Plaintiff's SSDI application was approved, Plaintiff completed another application for total and permanent disability benefits under the NFL Player Plan on October 31, 2025.  The NFL Player Plan denied that application on November 7, 2025.  (Doc. 98 at 33.)  The instant case challenges only the 2008 denial; Plaintiff has not alleged any wrongful denial of benefits stemming from the 2025 denial in this case.

[5] The other "newly" discovered evidence cited by Plaintiff was available to Plaintiff prior to the entry of judgment, and in several instances, was provided to the Court prior to its judgment *by Plaintiff*.

2

diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result." *Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006).

Plaintiff is not entitled to relief under Rule 60(b)(2) because the newly discovered evidence he identifies (the October 20, 2025 award of federal social security benefits) was not in existence at the time judgment was entered in this case on August 8, 2025. *Strategic Energy Concepts, LLC v. Otoka Energy, LLC*, 120 F.4th 1339, 1345 (8th Cir. 2024) ("A Rule 60(b) motion . . . permits consideration only of facts which were *in existence at the time of*" the action being reconsidered." (quoting *Swope v. Siegel-Robert, Inc.*, 243 F.3d 486, 498 (8th Cir. 2001))). And, even if the SSA's decision as to Plaintiff's application for federal social security benefits had occurred prior to the Court's judgment in this case, it would not have produced a different result for the same reasons explained in the Court's August 8, 2025 Order dismissing Plaintiff's claims. (*See* Doc. 78 at 8-9.) That is, despite Plaintiff's award of federal social security benefits, Plaintiff's claim concerning the 2008 denial of benefits under the NFL Player Plan is still unexhausted, time-barred, and meritless.

### Conclusion

Therefore, after careful consideration and review, and for the reasons explained above, Plaintiff's post-judgment motions pursuant to Rule 60(b)(2), (Docs. 94, 98, 99), are **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 14, 2026